IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEON ENRIQUE SHERROD, | Criminal No.: DKC-10-140<br>(Civil Action No.: DKC-24-1653) |

**MEMORANDUM OPINION**

Mr. Deon Enrique Sherrod ("Mr. Sherrod") filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") on June 5, 2024, which he later supplemented. ECF Nos. 64, 68, 70 and 71. This court directed the United States Attorney to respond. ECF No. 72. That response was filed on November 11, 2024, and asserts, among other things, that the § 2255 Motion has been filed outside of the limitations period. ECF No. 77. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the court afforded Mr. Sherrod an opportunity to explain why the Motion should not be dismissed. ECF Nos. 78 and 79. The issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the § 2255 Motion will be denied.

**BACKGROUND**

Mr. Sherrod pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) on December 10, 2010. He was sentenced on June 8, 2011, to 77 months' imprisonment followed by three years of supervised release. ECF No. 47.[1] Mr. Sherrod filed a timely notice of appeal. ECF No. 50. On February 12, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. ECF No. 54.

[1] This sentence was to run consecutive to a 30-year state sentence Mr. Sherrod was then serving.

Mr. Sherrod filed his first Motion to Vacate Judgment under 28 U.S.C. § 2255 on June 4, 2020, which was dismissed without prejudice on May 8, 2022. ECF Nos. 59, 62.

Mr. Sherrod filed the instant motion titled "Motion for Relief Pursuant to 3582 (c)(2) Notice to Vacate 18 U.S.C.S. § 922(g)(1)" on June 5, 2024. ECF No. 64. The court notified Mr. Sherrod on June 20, 2024, that his motion was more appropriately construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and granted him twenty-eight (28) days to notify the court of any objections to so construing the motion. ECF No. 65.

On June 28, 2024, Mr. Sherrod advised that he wished for the motion to be construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and that he wished to supplement to assert all of his claims. ECF No. 66. The court issued an Order on July 18, 2024, construing the June 5, 2024, motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, provided him with instructions and a blank form, and twenty-eight (28) days to supplement using the provided form. ECF No. 67.

Mr. Sherrod refiled his § 2255 Motion titled, "Motion for Relief Pursuant to 2255 Notice to Vacate 18 U.S.C.S. §922(G)(1)" on July 18, 2024. ECF No. 68). Mr. Sherrod also filed a supplemental form and corrected supplement on July 29 and August 1, 2024, respectively. ECF Nos. 70, 71. The government filed a response in opposition on November 11, 2024, and Mr. Sherrod filed a reply on December 18, 2024. ECF Nos. 77, 79.

Mr. Sherrod moves to vacate his conviction and sentence arguing that he is entitled to relief pursuant to Fed.R.Civ.P. 60(d)(3) and the Second Amendment. ECF Nos. 64, 68, 70, and 71. Mr. Sherrod challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him. ECF No. 64 at 1, 5-6; ECF No. 68 at 1, 4-6; ECF Nos. 70 and 71. He asserts that § 922(g)(1) violates his Second Amendment rights because neither the text of the Second Amendment nor historical tradition supports his being subjected to a lifetime prohibition of possessing a firearm or ammunition based on his prior felony conviction. *Id*. He also claims that he is entitled to relief

under Fed.R.Civ.P. 60(d)(3) due to a fraud upon the court at the time of his conviction, which he ties to his claim that his rights under the Second Amendment were violated. ECF No. 64 at 3; ECF No. 68 at 2-3. Lastly, Mr. Sherrod maintains that the Indictment was defective because his arrest was unlawful. ECF No. 70 at 6. Despite his reference to Fed.R.Civ.P. 60, the § 2255 Motion is an attempt to attack his criminal conviction and sentence collaterally and is therefore construed as having been filed under 28 U.S.C. § 2255, as Mr. Sherrod was previously advised and agreed.

**STANDARD OF REVIEW**

A Motion to Vacate filed pursuant to 28 U.S.C. § 2255 may only be filed by a person who is "in custody" pursuant to a sentence imposed by "Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Additionally, a Motion to Vacate is subject to a one-year statute of limitation that runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As stated above, Mr. Sherrod filed a timely Notice of Appeal on June 11, 2011. ECF No. 46. The Fourth Circuit affirmed the district court's judgment and issued its mandate on March 7, 2012. ECF Nos. 54, 55. Mr. Sherrod's deadline for filing a petition for certiorari was 90 days later, or June 7, 2012. *Clay v. United States*, 537 U.S. 522, 527 (2003) (when a defendant files a direct appeal, the judgment of conviction becomes final when the Supreme Court denies a petition

for a writ of certiorari or when the time for filing a certiorari petition expires); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004); *see also* Supreme Court Rule 13 (time for filing a petition for certiorari expires 90 days after entry of the Court of Appeals' judgment). The limitations period expired one year later, on June 7, 2013. Mr. Sherrod's case then lay dormant for over six years until June 4, 2020, when he filed his first motion pursuant to § 2255. ECF No. 58. After that case was dismissed without prejudice on May 18, 2022, Mr. Sherrod's case again lay dormant for another two years before he initiated the instant proceedings on June 5, 2024. ECF Nos. 62, 64. Accordingly, the instant § 2255 Motion is untimely under § 2255(f)(1).

Mr. Sherrod has not alleged that the government prevented him from filing his § 2255 Motion, that any facts supporting his claims could not have been discovered through the exercise of due diligence, or that he faced any impediments that would satisfy §§ 2255(f)(2) or (4).

Liberally construing Mr. Sherrod's § 2255 Motion, he argues that § 2255(f)(3) applies because he is entitled to relief based on a new rule of constitutional law, previously unavailable and made retroactive. Specifically, he relies upon *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) to argue that his conviction must be vacated.

Where, as here, a movant makes a claim based on a decision by the United States Supreme Court entered after his conviction became final, the movant must show that the decision announced a new rule and the new rule is retroactive to cases on collateral review. *See Teague v. Lane,* 489 U.S. 288, 308 (1989). A movant's motion is timely under section 2255(f)(3) if "(1) he relies on a right recognized by the Supreme Court after [the] judgment became final, (2) he files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, ... and (3) the Supreme Court or this court [of appeals] has made the right retroactively applicable." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017). For the purpose of § 2255(f)(3), "[t]he only way to make a new rule retroactive 'is through a holding'" by the United

States Supreme Court or the Fourth Circuit. *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012) (citations omitted).

First, Mr. Sherrod did not file his motion within one year of *Bruen*. *Bruen* was decided on June 23, 2022, and Mr. Sherrod did not file the instant motion until June 5, 2024, nearly two years later. Neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit has held that *Bruen* applies retroactively to cases on collateral review. *See Young v. United States*, Civil Action No. 2:24-00441, 2025 WL 1673847 *3 (S.D. W. Va. Feb. 2, 2025) (collecting cases).[2] Thus, the instant § 2255 Motion is time-barred and Mr. Sherrod has offered no reasons why the statute of limitations should be equitably tolled.

When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*,529 U.S. 473, 484 (2000)). Based on the foregoing analysis, a certificate of appealability shall not issue. Mr. Sherrod may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

September 23, 2026
Date

/s/
DEBORAH K. CHASANOW
United States District Judge

[2] Having found the motion is untimely, the court does not address Respondent's additional argument regarding procedural default.